**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MARK LAMAN, et al.,                     :
                                        :
      Plaintiffs,                      :
                                        :
      v.                               :     CIVIL ACTION NO.
                                        :     1:16-CV-2841-RWS
WELLS FARGO & COMPANY,                  :
et al.,                                 :
                                        :
      Defendants.                      :

## ORDER

This matter is before the Court on Plaintiffs' Emergency Motion to Remand [Doc. No. 4].

## I.    Factual Background

Plaintiff Alliant Insurance Services ("Alliant") and Wells Fargo & Company ("WFC") are both Delaware corporations [Doc. No. 1-1, ¶¶ 2 and 4]. Defendant Wells Fargo Insurance Services USA ("WFI"), a subsidiary of WFC, is a North Carolina corporation [Doc. No. 1-1, ¶ 6]. Alliant and WFI are competitors in the insurance brokerage industry [Doc. No. 1-1, ¶ 46]. Plaintiff Laman began providing services to Wells Fargo in 2001 when WFC acquired his previous employer and integrated it into WFI [Doc. No. 1-1, ¶ 30].

After joining Wells Fargo, Laman was required to sign a restrictive covenant agreement ("Agreement") [Doc. No. 1-1, ¶ 32; Doc. No. 1-1, pp. 22-24]. The Agreement states that it is in consideration for Laman's continued employment with "a Wells Fargo company and/or any of its past, present, and future parent companies, subsidiaries, successors, affiliates, and acquisitions" [Doc. No. 1-1, p. 22]. These related, affiliated, and acquired entities are defined collectively as "the Company" [Id.]. The Agreement contains post-employment covenants. The covenants are owed to "the Company."

Laman resigned from Wells Fargo and began working for Alliant on or about July 18, 2016 [Doc. No. 1-1, ¶¶ 44-45]. Laman is the First Vice President in Alliant's Alpharetta, Georgia offices [Id.]. Plaintiffs originally filed this action in the Superior Court of Fulton County on July 18, 2016. They seek a declaratory judgment and injunctive relief as to the enforceability of the restrictive covenants in the Agreement.

## II.   Analysis

Defendants, invoking this Court's diversity jurisdiction, removed the case to this Court on August 4, 2016 [Doc. No. 1]. Plaintiffs filed their Emergency Motion to Remand on August 5, 2016 [Doc. No. 4]. Defendants argue that

2

complete diversity exists between Laman, Alliant, and WFIS, which provided the basis for removal.  Defendants ask the Court to disregard WFC's citizenship because: (1) it is not a properly served party, and (2) it is not an appropriate Defendant to this action and has been joined for the sole purpose of defeating diversity jurisdiction.

The Court agrees with Defendants that WFC was fraudulently joined and thus this Court has subject matter jurisdiction.  Where a plaintiff has no valid cause of action against a defendant, that defendant is considered "fraudulently joined" and the citizenship of that defendant cannot defeat diversity jurisdiction. See Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). A defendant's joinder is fraudulent when no "reasonable possibility" exists that the plaintiff can establish a cause of action against the non-diverse defendant. Legg v. Wyeth, 428 F.3d 1317, 1324 (11th Cir. 2005).

The standard for fraudulent joinder is akin to the standard for a Rule 12(b)(6) motion, except that the Court can consider "materials other than those attached to the complaint." Manley v. Ford Motor Co., 17 F.Supp.3d 1375, 1383 (N.D. Ga. 2014) (finding fraudulent joinder because the evidence showed insufficient grounds for the claims at issue).  The removing party must

3

demonstrate that the plaintiff cannot state a claim for relief against the improperly joined party; thus, the proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Rule 56(b)." Wyeth, 428 F.3d at 1322-23.  The determination is made based on the pleadings at the time of removal "supplemented by any affidavits and deposition transcripts submitted by the parties." Id.

The Court finds that Plaintiffs cannot reasonably state a claim for declaratory relief against WFC.  Plaintiffs theorize that WFC is a party to the Agreement and is therefore subject to this action.  However, the plain language of the Agreement shows that WFC is not a party.  When Laman executed the agreement, he was employed directly by WFIS [Doc. No. 1-4, ¶ 12].  Laman executed the Agreement "in consideration for" his continued employment with WFIS, a "Wells Fargo company."  In this instance, the "Company" refers only to WFIS, the Wells Fargo company for which Laman's continued employment supplied the consideration.  See also Wells Fargo Tem Member Handbook, Doc. No. 4-7 at 5 (providing that when language like "Wells Fargo" and "the Company" is used, "it means the Wells Fargo company that employs you directly").  The Agreement does not render Laman an employee of any and all

4

Wells Fargo companies. Rather, it generalizes Laman's single employer to a form that can be used across Wells Fargo companies and employees. The use of a common form by multiple subsidiaries does not mean that the form establishes Laman's employment with WFC and all its related entities.

Nor is WFC a party to the Agreement by virtue of its status as the "parent" of WFIS. Absent special allegations about substantial control, a parent entity is not the employer of a subsidiary's personnel. See Wood v. S. Bell Tel. & Tel. Co., 725 F. Supp. 1244, 1247-48 (N.D. Ga. 1989) (parent company must exercise sufficient control such that it is essentially the same entity). Plaintiffs have failed to allege any basis to disregard the corporate form or pierce the corporate veil. Accordingly, Plaintiffs can state no possible declaratory judgment claim against WFC.

To the extent Plaintiffs suggest that WFC is a necessary party to this action, their position is self-defeating. Plaintiffs maintain that all Wells Fargo entities are bound to the Agreement. The declaratory judgment action purports to establish Plaintiffs' rights against all those bound by the Agreement. Yet, of the many distinct Wells Fargo affiliates, Plaintiffs join only a single non-diverse entity. Plaintiffs' procedural choice and their explanation for it are at odds.

5

AO 72A
(Rev.8/8
2)

## III.   Conclusion

For the reasons stated above, Plaintiffs' Emergency Motion to Remand [Doc. No. 4] is DENIED.  The Court will set a hearing as to the Motion for Temporary Restraining Order [Doc. No. 2] by later order.

**SO ORDERED**, this  17th day of August, 2016.

RICHARD W. STORY
United States District Judge

6